IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CHERISH D. SHERRILL**                                          **PETITIONER**

v.                                            **Criminal No. 1:12cr33-LG-RHW-1**
                                                 **Civil Action No. 1:13cv426-LG**

**UNITED STATES OF AMERICA**                             **RESPONDENT**

### ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

**BEFORE THE COURT** are the Motion to Proceed In Forma Pauperis [443] and Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [470] filed by Cherish D. Sherrill. After pleading guilty to conspiracy to defraud the Untied States and receipt of stolen firearms and being sentenced to 180 months imprisonment and three years supervised release, Sherrill filed the present Motion pursuant to § 2255 seeking a reduction in her sentence. Sherrill argues: (1) her attorney did not properly negotiate or explain the waiver provisions contained in the plea agreement; (2) she received ineffective assistance of counsel because her attorney failed to present departures to be considered at sentencing; and (3) her attorney failed to properly engage in the adversarial process and failed to properly investigate, review, and object to the pre-sentence investigation report (PSIR). After reviewing the record in this matter and the applicable law, the Court finds that Sherrill's § 2255 Motion should be denied.

### FACTS

On August 7, 2012, Sherrill pled guilty to conspiracy to defraud the United States and receipt of stolen firearms. United States District Judge Walter J. Gex,

III, sentenced her to sixty months imprisonment for the conspiracy charge and 120 months imprisonment for the stolen firearms charge, with the sentences to run consecutively. She was also sentenced to three years of supervised release.

## DISCUSSION

### I. MOTION TO PROCEED IN FORMA PAUPERIS

First, Sherrill seeks in forma pauperis status. However, she has no need for in forma pauperis status in this action, because there is no filing fee. Therefore, this Motion is moot.

### II. §2255 MOTION

Title 28, United States Code, Section 2255 provides four grounds for relief: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack." 28 U.S.C. § 2255(a).

As part of a plea agreement, a defendant may waive her right to appeal and her right to seek post-conviction relief under 28 U.S.C. § 2255, as long as the waivers are informed and voluntary. *United States v. Murray*, 700 F.3d 241, 245 (5th Cir. 2012); *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). However, an ineffective assistance of counsel claim is not barred by waiver if the alleged ineffective assistance "directly affected the validity of that waiver or the plea itself." *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).

In order to demonstrate ineffective assistance of counsel, a petitioner must show (1) that "counsel's representation fell below an objective standard of reasonableness," and (2) "counsel's deficient performance prejudiced the defendant." *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000).  A court must be "highly deferential" in conducting this review.  *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000).  "It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."  *Id.*  "Judicial scrutiny of counsel's performance must be highly deferential . . . [.]  [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is the defendant must overcome the presumption." *United States v. Thomas*, 724 F.3d 632, 646 (5th Cir. 2013) (quoting *Strickland v. Washington*, 466 U.S. 668, 689 (1984)).

Sherrill first argues that her attorney, Robert Harenski, did not properly negotiate or explain the waiver provisions contained in the plea agreement.  She claims that she was nineteen years old, lacking a high school education, and she was under the influence of drugs at the time of her plea, so she was unable to understand her rights.  However, she was actually twenty-two at the time of her plea.  She informed the Court that she was not under the influence of drugs, and in fact she was incarcerated at the time of her plea.  She also told the Court she had an eleventh grade education.  The PSIR reflects that this was not the first time

Sherrill had been convicted of a crime or the first time that she had pled guilty to a crime. She told the Court she had ample opportunity to discuss the case with Mr. Harenski, and she was satisfied with the amount of time he had spent with her. She had no complaints about his representation of her. Mr. Harenski has testified by affidavit that he reviewed the plea agreement and supplement with Sherrill line-by-line. He also explained the documents to her and gave her the opportunity to ask questions. Judge Gex also explained to Sherrill that she was waiving her right to appeal and her right to seek post-conviction relief. She sated under oath that she understood these waivers. As a result, the record before the Court demonstrates that Sherrill's waiver of her right to appeal and seek post-conviction relief was knowing and voluntary.

  Sherrill also claims that her attorney failed to present departures and mitigating factors to be considered at sentencing. She claims he failed to inform the Court of her age, her lack of parental supervision, drug use, and lack of education. However, the PSIR and the transcripts of the plea and sentencing hearings reflect that Sherrill's age, education level, drug use, and family history were provided to the Court. Therefore, these arguments are without merit.

  Finally, Sherrill asserts that her attorney failed to properly engage in the adversarial process and failed to properly investigate, review, and object to the PSIR. She claims that the criminal history computation was incorrect, because crimes with sentences of less than one year were counted. She also alleges that destructive device and leadership role enhancements were incorrectly applied. In

addition, she claims that her sentences should have been concurrent, not consecutive. First, all of Sherrill's arguments concerning sentencing are waived, because they do not affect the validity of her waiver or plea. Furthermore, Sherrill's allegations are factually and legally inaccurate. The transcript of the sentencing hearing reflects that Mr. Harenski raised objections to the destructive device and leadership enhancements, but these objections were overruled. Sherrill's criminal history was accurately calculated pursuant to U.S.S.G. § 4A1.1, and the Court properly imposed consecutive sentences pursuant to U.S.S.G. § 5G1.2(d). Therefore, Mr. Harenski had no duty to object to these findings in the PSIR.

## CONCLUSION

For the foregoing reasons, the Section 2255 Motion filed by Sherrill is denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [470] filed by Cherish D. Sherrill is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Motion to Proceed In Forma Pauperis [443] is **MOOT**.

**SO ORDERED AND ADJUDGED** this the 6th day of March, 2014.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE