IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § § § | Criminal No. 1:12cr33-HSO-RHW-1 |
| CHERISH DENEEN SHERRILL | § | |

## ORDER DENYING DEFENDANT CHERISH DENEEN SHERRILL'S MOTION [684] FOR COMPASSIONATE RELEASE

BEFORE THE COURT is Defendant Cherish Deneen Sherrill's Motion [684] for Compassionate Release. For the reasons that follow, the Court finds that the Motion should be denied.

### I. BACKGROUND

Pursuant to a Plea Agreement with the Government, on August 7, 2012, Defendant Cherish Deneen Sherrill ("Defendant" or "Sherrill") pleaded guilty to Counts 1 and 2 of the Indictment in this case. Count 1 charged that Sherrill and 14 co-defendants "did knowingly and willfully conspire with each other and with others both known and unknown to the Grand Jury, to commit offenses against the United States" related to firearms under 18 U.S.C. § 922 and 26 U.S.C. § 5861, "[a]ll in violation of Section 371, Title 18, United States Code." Indictment [3] at 2-10. Count 2 charged Sherrill and one co-defendant had

> knowingly possessed a stolen firearm which had been shipped in interstate or foreign commerce, knowing and having reasonable cause to believe the firearm was stolen, to wit: one (1) Kel Tec pistol, .32 caliber, model P-32, serial number CU 443.

> In violation of Sections 922(j) and 924(a)(2), Title 18, United States Code.

*Id.* at 10.

On November 7, 2012, the Court sentenced Sherrill to a 60-month term of imprisonment as to Count 1 and 180-term of imprisonment as to Count 2.  Min. Entry, Nov. 7, 2012.  Sherrill is presently incarcerated at Federal Correctional Institution ("FCI") Tallahassee in Tallahassee, Florida, and her anticipated release date is March 5, 2024.  *See* Ex. [696-6] at 1.

On September 29, 2020, Sherrill filed a pro se Motion [684] for Compassionate Release asking that she be granted compassionate release or transferred to home confinement for the duration of her sentence.  *See* Mot. [684] at 2.  The Government opposes Sherrill's Motion, arguing that she has not demonstrated any extraordinary and compelling reasons warranting a sentence reduction.  *See* Resp. [688] at 7-10.  The Government also asserts that Sherrill's request for compassionate release should be denied because she still poses a significant danger to the safety of the community, and because the factors set forth at 18 U.S.C. § 3553(a) weigh against her release.  *See id.* at 10-11.  Finally, the Government contends that the Court has no authority to direct the Bureau of Prisons ("BOP") to place Sherrill on home confinement.  *See id.* at 11.

Sherrill has filed a Reply [696] through counsel maintaining that she has exhausted her administrative remedies and that her history of asthma and the COVID-19 pandemic warrant her release from custody.  *See* Reply [696] at 2-8, 9.

Sherrill maintains that the applicable § 3553(a) factors also weigh in favor of compassionate release and that she is not a danger to the public. *See id.* at 8-9.

## II. DISCUSSION

A. Relevant legal standards

18 U.S.C. § 3582(b) provides that a judgment of conviction constitutes a final judgment, although it can be modified pursuant to the provisions of 18 U.S.C. § 3582(c). At issue in this case is a requested modification under § 3582(c)(1)(A).[1]

A sentencing court may reduce a term of imprisonment on motion by a defendant for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). In considering district courts' denials of similar motions, the Fifth Circuit has considered the policy statement issued by the Sentencing Commission at United States Sentencing Guidelines ("U.S.S.G.") § 1B1.13. *See, e.g.*, *United States v. Smith,* 828 F. App'x 215, 216 (5th Cir. 2020) (citing U.S.S.G. § 1B1.13, p.s.). Under § 1B1.13, a reduction is appropriate when, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, a court determines that extraordinary and compelling reasons warrant a reduction and the defendant is not a danger to the

---

[1] Sherrill states that she has fully exhausted her administrative remedies, and the Government's Response [688] does not argue otherwise. The Court therefore considers Sherrill's request for compassionate release on its merits.

3

safety of any other person or the community, as provided in 18 U.S.C. § 3142(g). *See* U.S.S.G. § 1B1.13.

B.  Whether "extraordinary and compelling reasons" warrant a sentence reduction for Sherrill

According to Application Note 1 of § 1B1.13, the following are deemed extraordinary and compelling reasons warranting a reduction: (1) the defendant's medical condition; (2) the defendant's age; (3) family circumstances; or (4) other reasons. U.S.S.G. § 1B1.13, cmt. n.1. "Other reasons" is a catchall category defined as "extraordinary and compelling reasons other than, or in combination with" medical condition, age, or family circumstances as "determined by the Director of the Bureau of Prisons." U.S.S.G. § 1B1.13, cmt. n.1(D). In this case, Sherrill argues that her release is warranted due to her medical condition, specifically that she suffered from asthma as a child. *See* Mot. [684] at 2; Reply [696] at 2-3, 6-10; Def.'s Decl. [696-1] at ¶ 5 ("I was diagnosed with, and suffered from asthma as a child, but fortunately, I have had no attacks since I have been in custody.").

While certain medical conditions may constitute extraordinary and compelling reasons warranting a reduction, *see* U.S.S.G. § 1B1.13 cmt. n.1, Sherrill has not alleged any such conditions in this case. Sherrill has not shown that she is suffering from a terminal illness, a serious functional or cognitive impairment, or a serious physical or medical condition that substantially diminishes her ability to provide self-care within the environment of a correctional facility and from which she is not expected to recover. *See id.*

A generalized concern of contracting COVID-19 is not an "extraordinary and compelling reason" justifying an inmate's release under 18 U.S.C. § 3582(c)(1)(A). This Court has held that "[p]reexisting medical conditions that place a defendant at increased risk for serious illness from COVID-19 are not in and of themselves sufficient to establish extraordinary and compelling reasons justifying a reduction in sentence." *United States v. McLin*, No. 1:17-CR-110-LG-RHW, 2020 WL 3803919, at *3 (S.D. Miss. July 7, 2020) (collecting cases); *see also United States v. Raiford*, No. 2:03-CR-25-KS-MTP, 2020 WL 5535368, at *2 (S.D. Miss. Sept. 15, 2020) (same).

In this case, Sherrill states that she "was diagnosed with, and suffered from asthma as a child," Def.'s Decl. [696-1] at ¶ 5, but there is no indication that she currently suffers from the condition. According to Sherrill, she has "had no attacks since [she] have been in custody," *id.*, which has been for more than eight years, *see* Ex. [696-6] at 2. Sherrill has not shown that she is receiving inadequate medical care at FCI Tallahassee, or that her condition renders her unable to provide self-care within the facility. This is insufficient to demonstrate an "extraordinary and compelling reason" under 18 U.S.C. § 3582(c)(1)(A).

C. <u>Whether § 3553(a) factors weigh in favor of early release</u>

Even if Sherrill had presented evidence of an extraordinary and compelling reason under § 3582(c)(1)(A), the Court is not persuaded that the § 3553(a) factors weigh in favor of her release based upon the record. These sentencing factors include the nature and circumstances of the offense and the history of the

defendant, as well as the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence, to protect the public, and to provide the defendant with needed education, training, and treatment. *See* 18 U.S.C. § 3553(a).

According to the Presentence Investigation Report ("PSR") prepared in this case, even though Sherrill was only 22 at the time of sentencing, she had a rather lengthy criminal history and committed the offenses of conviction while under a different criminal justice sentence. *See* PRS [397] at 67-69 (filed under seal). This resulted in a criminal history score of 6, placing Sherrill in a criminal history category of III. *See id.* at 69. Based upon a total offense level of 38 and a criminal history category of III, Sherrill's Guidelines imprisonment range was 292 months to 360 months. *See id.* at 72. However, the maximum statutory sentences available for both counts of conviction fell below the lower end of the Guidelines range, such that Sherrill's Guidelines range of imprisonment was statutorily capped at a total of 180 months. *See id.*

Sherrill was sentenced by this Court to the statutory cap for each count of conviction: 60 months imprisonment as to Count 1, and 120 months as to Count 2, to run consecutively. *See* J. [366] at 2. Sherrill has served slightly more than 8 and a half years of the sentence ordered in this case, *see* Ex. [696-6] at 2, or a little more than half of the imposed term of imprisonment. With credits received, Sherrill's projected release date is March 5, 2025, *see id.*, such that she has at this point served approximately two-thirds of her sentence.

6

The Court considers significant here the seriousness of the offenses and the length of time Sherrill has served for her crimes, particularly in light of the fact that she received the significant benefit of statutory caps on her Guidelines sentencing range. In addition, considering the totality of the record before it, the Court finds that releasing Sherrill from incarceration at this time would not reflect the gravity of her offense, protect the public, or afford adequate deterrence. *See* 18 U.S.C. § 3553(a). To the extent Sherrill seeks compassionate release, her Motion [684] should be denied.

To the extent Sherrill requests that the Court modify her sentence to home confinement, the Court lacks the authority to order home confinement. *See* 18 U.S.C. § 3621(b) (providing in relevant part that "[t]he Bureau of Prisons shall designate the place of the prisoner's imprisonment"); *United States v. Dysart*, 66 F. App'x 526, 2003 WL 21018298, at *1 (5th Cir. 2003) (holding that a defendant's motion to serve the remainder of her sentence in a Community Corrections Center lacked a jurisdictional basis because, "[a]fter a district court has sentenced a federal offender, the Bureau of Prisons has the responsibility for designating the place of imprisonment"); *see also, e.g., United States v. Chaney*, 823 F. App'x 278, 279 (5th Cir. 2020), *cert. denied*, No. 20-6095, 2020 WL 7132572 (U.S. Dec. 7, 2020); *United States v. Galbreth*, No. 1:17-CR-65-LG-RHW, 2020 WL 6803843, at *1 (S.D. Miss. Nov. 19, 2020).

7

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Defendant Cherish Deneen Sherrill's Motion [684] for Compassionate Release is **DENIED**.

**SO ORDERED AND ADJUDGED**, this the 21st day of January, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE